**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernie R. SANDERS Defendant–**
**Appellant.**

**No. 00–56300.**
**D.C. Nos. CV–96–1395–CCN,**
**CR–89–0817–CCN.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2003.

Decided April 2, 2003.

Before PREGERSON, REINHARDT and ARCHER,** Circuit Judges.

MEMORANDUM***

Ernie Sanders ("Sanders") appeals the denial by the District Court for the Southern District of California of his 28 U.S.C. § 2255 motion. He contends that he was denied effective assistance of counsel because his attorney, Sheldon Sherman ("Sherman"), provided legal counsel under a conflict of interest. Sanders asserts that one of Sherman's tactics was to avoid having Sanders testify regarding his cocaine charges in order to protect the identity of the individuals who paid for his represen-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tation, allegedly the cocaine suppliers involved. Sanders also contends that Sherman showed little interest in assisting in his defense and failed to prepare for the trial adequately. We reverse and remand.

Sanders has presented a strong prima facie case that the third party payment of his counsel created a substantial conflict of interest, and that the conflict had an adverse effect upon his counsel's performance. "A drug conspiracy case involving large quantities of cocaine, fees paid by unknown third parties, and the potential for unindicted co-conspirators may be sufficient to demonstrate active representation of conflicting interests." *Quintero v. United States,* 33 F.3d 1133, 1135 (9th Cir.1994). Sanders alleges that Sherman's strategy was to have him convicted on the marijuana charge so that the cocaine charge would be dismissed. Sherman admitted to this strategy, but contended that he did so for reasons other than protecting the identity of those who had paid him. Sanders was indeed convicted of the marijuana charges, and the cocaine charges were indeed dismissed. "[T]o establish that a conflict of interest adversely affected counsel's performance, the defendant need only show that some effect on counsel's handling of particular aspects of the trial was likely." *United States v. Mett,* 65 F.3d 1531, 1535 (9th Cir.1995) (internal quotations omitted).

An evidentiary hearing was held at our instruction, and the district court could have made factual findings that would have resolved the issues. Instead, it issued a pro forma conclusory ruling simply stating that there was "insufficient evidence" to show a conflict. The allegations are serious; the dubious legal representation Sanders received might not have been provided by counsel "whose loyalties [were] undivided." *United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001) (*citing*

*Wood v. Georgia,* 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981)). More is necessary to dispose of Sanders' allegations than the district court was willing to do following our last remand.

Sherman's integrity as an attorney is hardly beyond question. In this case, he admitted to receiving a brown paper bag containing approximately $20,000 to $25,000 in cash one night at his home for his legal services. Although Sherman knew the individual who delivered the payment—a handyman known only as "Dave"—he did not know the ultimate source of the funds. As the government stated at oral argument, Sherman has already pled guilty in San Diego for failing to report $10,000 cash on a federal tax return, 26 U.S.C. § 6050I, and is currently under indictment in Arizona on state racketeering and money laundering charges.

Given all the circumstances, Sanders deserves—at a minimum—factual findings on the hearing for which he diligently prepared pro se. For the convenience of the court and the parties in scheduling a further hearing without undue delay, we remand for proceedings consistent with this disposition, before a district judge other than the visiting district court judge who presided over the last evidentiary hearing.

REVERSED and REMANDED.